THE CHARLES MARKET, complainant,

*v.*

JACOB HEINOCHOWITZ, defendant.

[Decided April 25th, 1927.]

**Adverse Possession—Right to Use Common Driveway—Injunc-
tion Pendente Lite—Driveway Not Shown to Have Been
Held Adversely For Twenty Years—No Charge of Inequitable
Conduct—Held, That Since There is No Legal Right to be
Protected and No Equitable Claim to be Enforced, Injunction
Must be Denied.**

On order to show cause; for injunction *pendente lite.*

*Messrs. Sorg, Duncan & Bailey,* for the complainant.

*Messrs. Koehler & Augenblick,* for the defendant.

BACKES, V. C.

The complainant and defendant are owners of adjoining
store properties on Morris avenue, Springfield. A driveway
leading to the complainant's garages in the rear of its lot
separates the two store buildings and is partly over the lands
of each of the parties. The defendant is about to extend his
store building over that part of the driveway which lies on his
land, which will destroy its use for automobiles, and the bill
is filed to restrain him. If a restraint should issue it would
only go to protect the asserted right to the driveway pending
a determination of the question at law. Equity has not juris-
diction to try the title. *Mason* v. *Ross,* 77 *N. J. Eq. 527.*

The complainant's claim to the use of the driveway is
based on an alleged twenty years' adverse user. The allega-
tions of the bill do not bear out the claim. One Flemer was
the common owner in 1905. It is alleged that he constructed

the driveway at that time. He conveyed the complainant's property in 1911, and through intermediate conveyances the complainant acquired ownership in 1925. Flemer conveyed the defendant's property in 1918 and the defendant became the owner in 1925. No mention of the use of the driveway is made in any of the title deeds. The various owners during their respective ownership used the driveway in common. If adverse user were proved it could not be shown to have existed prior to 1911, when Flemer parted with the complainant's property. Flemer constructed the driveway for his own convenience, and, of course, there was no adverse user during his ownership.

There is nothing in the bill charging inequitable conduct by the defendant to estop him from the use to which he now intends to put the driveway. The complainant alleges that it "would not have purchased * * * if it had not been informed that the said driveway was not [?] appurtenant to the said premises of the complainant and subject to its use, as all previous owners had used the same," but it does not charge that it was misled by the defendant. It is implied from this allegation that the complainant knew the driveway was partly on the neighbor's land and not within its grant, and from other allegations it appears that it relied on neighborhood gossip for its title to the use. Equity cannot even sympathize with such blind confidence, much less raise an equity upon it. The bill shows neither a legal right to be protected nor an equitable claim to be enforced, and the motion for an injunction is denied.